IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.  2:17-cv-489-WKW ) |
| KIMBERLY SMITH AND SONYA MOMAN, | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 20, entered 8/9/17).  Now pending before the Court are the *Motion for Discharge of Plaintiff Unum Life Insurance Company of America* (Doc. 44, filed 10/11/17) and the *Motion of Unum Life Insurance Company of America for an Award of Attorneys' Fees and Costs out of the Funds Deposited* (Doc. 45, filed 10/11/17).  The motions are fully submitted and ripe for review.  As discussed below, the Magistrate Judge recommends that the Motion for Discharge (Doc. 44) be **GRANTED** and the Motion for Attorneys' Fees (Doc. 45) be **DENIED**.

I. Factual Background, Jurisdiction, and Procedural History

On April 17, 2017, Plaintiff Unum Life Insurance Company of America ("Plaintiff" or "Unum") filed its Complaint in Interpleader on April 17, 2017 in federal court in the Eastern District of Virginia.  *See* Doc. 1.  The interpleader action seeks to determine the proper beneficiary of an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA" or "Act"), 29 U.S.C. § 1001, *et seq*.  The interpleader complaint

requested the Court (a) require Defendants Kimberly Smith and Sonya Moman to answer the complaint in interpleader and litigate between themselves their respective claims to the life insurance proceeds under the life insurance policy for Willie Smith, (b) enjoin the Defendants from instituting or prosecuting any proceeding against Unum relating to those insurance proceeds, (c) require Defendants to settle between themselves or the Court determine to whom the insurance proceeds should be paid, (d) permit Unum to deposit the amount of insurance proceeds into the Court, (e) dismiss Unum from the suit and discharge it from further liability, (f) award Unum attorneys' fees and costs, and (g) award Unum any other and further relief the Court deemed appropriate. According to the well-pleaded allegations in the Complaint, Unum issued a life insurance policy to Willie Smith through an employee benefit plan with MobileNow, Inc. – specifically group policy number 294131 ("the Policy"). The Insured, as a benefit of his employment with MobileNow, received $50,000 in basic life insurance coverage. The Insured died on December 19, 2016. After his death, Unum received two separate claims for the Policy proceeds from Defendants. Defendants in this action are Kimberly Smith ("Smith") and Defendant Sonya Moman ("Moman"). Smith is Willie Smith's daughter while Moman was Smith's "significant other." Unum communicated with both Defendants and suggested they attempt to resolve the matter. When that failed, Unum filed this interpleader action.

Subject matter jurisdiction proceeds pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Smith filed a motion to transfer venue to the Middle District of Alabama. *See* Doc. 6. Unum took no position on the motion, but requested it first be discharged and awarded its attorneys' fees before the transfer. *See* Doc. 11. Ultimately, on July 20, 2017, the Court granted the request to transfer venue, but declined to act on the motion for discharge or other relief

requested by Unum.  *See* Doc. 13.  The parties do not contest personal jurisdiction or venue in the Middle District of Alabama and there are allegations sufficient to support both.

On September 1, 2017, Unum moved for leave to deposit into the registry of the court "the disputed proceeds payable under an employment welfare benefit plan, identified as proceeds from Unum group life insurance policy number 294131 . . . which covered the life of the late Willie Smith, and which are the subject of the [c]omplaint for [i]nterpleader[,]" in connection with this case.  *See* Doc. 28.  On September 20, 2017, the Court granted Unum's motion for leave to deposit funds into the registry of court.  *See* Doc. 31.  On October 2, 2017, the Clerk of Court received interpleader funds in the amount of $50,074.66.  *See* Docs. 41-42.

Shortly thereafter, Unum filed its motion for discharge and motion for attorneys' fees.  *See* Docs. 44, 45.  Defendant Smith objected to the discharge of Unum from this interpleader action.  *See* Doc. 51.  The basis of her argument is that Unum "could be liable to Defendant Smith with regard to its actions or inactions in this case."  *Id*. at ¶ 1.  Further, Smith states "$10,000 has already been paid to Moman by someone according to the Affidavit of Terry Smith, brother of the deceased."  *Id*.  Smith next argues that because Unum participated in the Report of Parties' Planning meeting it seemingly has agreed to remain part of this case.  *Id.*  Smith additionally argues that Unum filed a Rule 22 motion for discharge and therefore may not get injunctive relief.  *Id*. at ¶ 3.  Finally, Smith argues Unum is not entitled to attorneys' fees and costs because interpleader actions arise out of the normal course of business.  *Id*. at ¶ 4.  Defendant Moman also filed her response to Unum's motions.  *See* Doc. 57.  Moman does not object to Unum's discharge as Unum would still be obligated to provide discovery as its relates to this action.  Moman does object to Unum's request for attorneys' fees.  *Id*.  Unum also filed a reply to Smith's response.  *See* Doc. 56.  Unum indicates that all non-privileged documents

related to the insurance claim have been produced to the parties.  *Id*. at ¶ 1-3.  Unum also avers that Smith's vague allegation that someone may have paid Moman $10,000 does not render it subject to liability under the life insurance policy at issue and Smith has not asserted a counterclaim against Unum.  *Id*. at ¶ 4.  Unum notes it has paid the full amount of the policy proceeds into the Court's registry.  Unum also notes that it seeks discharge from any and all liability claims related to the $50,000 policy at issue in this interpleader suit and would withdraw its more generalized injunction request for an order enjoining the defendants from prosecuting any other action against Unum related to the death benefit.  *Id*. at ¶ 5.  Finally, Unum asserts this particular interpleader action goes far beyond what would be considered the normal course of business.  Further, Unum notes that it is disingenuous for Defendant Smith's counsel to assert the action was unnecessary as it was done at his request.  *Id*. at ¶ 6.

Subsequent to the motion, responses, and reply, Defendant Moman's counsel filed a motion to withdraw as counsel for the case.  *See* Doc. 58.  After holding an *ex parte* hearing on the matter, the Court granted the motion to withdraw.  *See* Doc. 61.  The Court also held informed Plaintiff that it would wait on reviewing this case until at least January 6, 2018 when either Plaintiff would have secured new counsel or indicated she would proceed *pro se*.  *Id*.  On January 23, 2018, this case was reassigned to the undersigned.  The Court now turns to the issue on whether Unum should be discharged from this lawsuit.

## II. REQUEST TO DISCHARGE AND DISMISS

This interpleader action arises under Fed. R. Civ. P. 22 which states "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though: (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are

adverse and independent rather than identical; or (B) the plaintiff denies liability in whole or in part to any or all of the claimants. Fed. R. Civ. P. 22(a)(1). "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). Interpleader actions proceed in two stages. *Ohio Nat'l Life Assur. Corp. v. Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (citing *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009). "At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Id.* (internal quotations and citations omitted). This particular case is the rare federal question, rule-interpleader action. *See* Fed. R. Civ. P. 22; 28 U.S.C. § 1331; *see also Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275-76 (3d Cir. 2007) (observing that "[a] federal question interpleader is a rarity," *id.* at 275, but that "courts of appeals have recognized that an interpleader 'arises under' federal law when brought by an ERISA fiduciary against competing claimants to plan benefits," *id.* at 276 (collecting cases)); *Davis v. Davis*, Civ. Act. No. 3:15-cv-3, 2016 U.S. Dist. LEXIS 17428 (M.D. Ala. Feb. 12, 2016) (Watkins, C.J.).

First, the Court determines that interpleader is proper in this case as Unum has been presented with two conflicting claims for the Policy proceeds. Next the Court must determine whether to discharge and dismiss Unum from this action. Unum properly surrendered the interpleader funds and haled the two claimants into federal court to litigate their respective interests in the disputed funds. Defendant Smith opposes Unum's discharge with her statements that Unum "could be liable to Defendant Smith with regard to its actions or inactions in this

case" and "$10,000 has already been paid to Moman by someone." *See* Doc. 51 at ¶ 1. She further cites to other courts who did not discharge the insurance company. However, those cases, whether applicable at the time of the filing, are not applicable anymore. Specifically, the deadline for amending pleadings passed on January 2, 2018. *See* Doc. 47 at § 4. Defendant Smith did not seek to add any claims or counterclaims against Unum. Thus, her statements that Unum could be held liable by its actions or inactions have failed to come to fruition. Further, her vague allegations that "someone" paid $10,000 to Moman also have no bearing on this interpleader suit. Unum paid the entirety of the policy proceeds into the registry. Thus, the policy at issue has been satisfied. Therefore, the Court finds that Unum is due to be discharged from liability in this case as to the $50,000 life insurance proceeds from group policy number 294131.

Next the Court turns to Unum's request for injunctive relief. Defendant Smith notes that this is a Rule 22 interpleader action and not one brought pursuant to 28 U.S.C. § 2361. However, the Court may construe the requested injunctive relief as one brought under Rule 22 itself. *Hartford Life & Accident Ins. Co. v. Wiggins*, Civ. Act. No. 3:16-cv-88, 2018 U.S. Dist. LEXIS 27222, *3-5, 2018 WL 1005149 (M.D. Ala. Feb. 21, 2018) (discussing same distinction with injunctive relief between § 2361 and Rule 22). This construction "preclude[s] the defendants from attempting to re-litigate the same issues in another [ ] court." *Id*. at *4. The court is satisfied that, even in a rule interpleader case, it can afford the injunctive relief sought. *Id*; *see also New York Life Ins. Co. v. Bentley*, Civ. Act. No. 3:11-cv-687, 2012 U.S. Dist. LEXIS 193684, WL Cite (N.D. Tex. Dec. 3, 2012); *Sun Life Assurance Co. of Canada v. Cathy P. Holman*, Civ. Act. No. 5:11-cv-363-WMA (Doc. 18) (N.D. Ala. Jan. 26, 2012) (order in Rule 22 interpleader actions currently and perpetually restraining and enjoining claimants and all other

parties from instituting or prosecuting any proceedings against plaintiff in any way related to the subject insurance proceeds); *Unicare Life & Health Ins. Co. v. Shirley Crowder, et al.*, Civ. Act. No. 3:11-cv-1123-CLS (Doc. 54) (N.D. Ala. Feb. 26, 2012) (order in Rule 22 interpleader action enjoining defendants from taking any action against plaintiff relating to the proceeds of the decedent's life insurance policy). Moreover, the Fifth Circuit upheld the district court's injunction in Rule 22 interpleader actions restraining parties from attempting to re-litigate the same or related issues in another federal court. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998). Specifically, "[u]nder to the All Writs Statute [28 U.S.C. § 1651], a federal court has the power to enjoin a party before it from attempting to relitigate the same issues or related issues precluded by the principles of res judicata and collateral estoppel in another federal court." *Id*. The Court acknowledges that some courts have declined to issue an injunction in the Rule 22 interpleader context. *See, e.g. Am. Gen. Life. Ins. Co. v. Jones*, Civ. Act. No. 08-211-WS (S.D. Ala. Nov. 13, 2008); *Harris Corp. v. Dunn*, Civ. Act. No. 6:05-cv-1388, 2006 U.S. Dist. LEXIS 71073, 2006 WL 2691541 (M.D. Fla. Ala. 25, 2006); *Life Ins. Co. of N. Am. v. Thorngren*, Civ. Act. No. 04-464, 2005 U.S. Dist. LEXIS 38696, 2005 WL 2387596 (D. Idaho Sep. 27, 2005). However, these cases solely view the injunction through the lens of injunctions issued under 28 U.S.C. § 2361 or even a Rule 65 restraining order. Re-litigation "would be judicially wasteful and raise the possibility of inconsistent results" and "would also defeat the purpose of the [plaintiff's] interpleader action." *Trustees of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1130, 1145 (N.D. Cal. 2009). The Court is persuaded that is has the authority to issue an appropriate injunction as to the proceeds of the policy from Unum.

Finally, the Court must determine how to realign the parties once National Union is discharged of its liability. "[F]ederal courts are required to realign the parties in an action to

reflect their interests in the litigation." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Where the parties' interests are the same, those parties must be aligned together. *Id*. Thus, on dismissal of the stakeholder in an interpleader action, the court must realign the claimants to reflect their position as adversaries. *See, e.g., Sterling Bank v. Caesarea-Millbrook, LLC*, Civ. Act. No. 2:15-cv-152, 2015 U.S. Dist. LEXIS 53304, 2015 WL 1863280 (M.D. Ala. April 23, 2015) (realigning interpleader claimants on dismissal of stakeholder). The crux of this case is a dispute between Kimberly Smith and Sonya Moman over the Policy proceeds. These parties are therefore more appropriately aligned as plaintiff and defendant.

### III. REQUEST FOR ATTORNEY'S FEES AND COSTS

Unum also requests $6,565.00[1] in attorneys' fees and $751.65 in costs. *See* Doc. 45. In support of its request, Unum submits an affidavit by its original Virginia counsel and its Alabama counsel.

"In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (citing *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980).[2] However, the Court has discretion in whether to award attorney's fees <u>particularly</u> with respect to cases where the stakeholder is a bank or insurance company. *See In re Mandalay Shore Coop. Hous. Ass'n*, 21

---

[1] The Court notes a discrepancy within the request for attorneys' fees. In the motion's introduction and conclusion, Unum seeks $6,565.00 in attorneys' fees. However, in their respective affidavits, counsel from Virginia seeks $3,545.00 while counsel from Alabama seeks $3,035.00 – for a total of $6,580.00. However, the Court will use the lower number of $6,565.00 as that is what Unum seeks in its motion and is the lower of the two numbers.

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981)

F.3d 380, 383 (11th Cir. 1994).

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds--disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*Id*.  In fact, the majority of district court cases in the Eleventh Circuit disfavor the award of attorneys' fees in interpleader lawsuits involving insurance companies and disputed proceeds.[3] Further, to grant the award requested by Unum would greatly reduce the value of the asset – a 13% reduction in the overall value from the $50,000 insurance proceeds.  Similar to other courts, "the Court finds it would be inequitable to foist all those costs onto the fund, as opposed to the party that is in a better position to absorb and pass on those costs as a necessary and foreseeable cost of doing business." *Unum Life Ins. Co. of Am. v. Kaleo*, Civ. Act. No. 6:05-544, 2006 U.S. Dist. LEXIS 39964, 2006 WL 1577257, at *3 (M.D. Fla. May 24, 2006).

Unum attempts to place responsibility for the interpleader on Defendant Smith for the need of an interpleader action and states "it is disingenuous for Defendant Smith's counsel to now assert that Unum is not entitled to an award of attorney's fees and costs.  After all, Unum pursued the very action requested by Defendant Smith." *See* Doc. 56.  However, Unum also is

---

[3] In *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256-57, the court denied attorneys' fees after finding "nothing in the record to indicate that [the interpleader was] anything other than an insurance company in a routine dispute over the proceeds of a life insurance policy." In *Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.*, 537 F.Supp. 1147, 1150 (M.D. Ga. 1982), the court noted that the chief beneficiary of an interpleader action is the insurance company. Quoting from *Minnesota Mut. Life Ins. Co. v. Gustafson,* 415 F.Supp. 615, 618-19 (W. D. Ill. 1976), the *Baton Rouge Bank & Trust* court agreed it seems "unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest." *Id*. at 1150.

somewhat disingenuous in its own assertion. The letter from counsel states "Kimberly Smith agrees with the position stated in your letter that insurance benefits should be interpled into court. Kimberly Smith requests that your company interplead all insurance funds into Montgomery County, Alabama Circuit Court as soon as possible." *See* Doc. 1, Exhibit D. First, the letter from counsel seemingly agrees with Unum's statement that interpleader would be necessary as Smith disputed Moman's claim. *Id*. While certainly a resolution of the matter between Smith and Moman would have been ideal for Unum, it is also unrealistic to place full responsibility for a dispute on the two defendants when this is something that occurs in the normal course of business for an insurance company.

Unum also tries to argue that it had to deal with locating additional counsel and venue related motions – which resulted in added expense "far beyond what would be considered part of the 'normal course of business.'" *See* Doc. 56. Yet, Unum was well aware that both Smith and Moman resided in Alabama. *See* Doc. 1, Exhibits C and D. In fact, Smith's counsel also requested the funds be interplead into an Alabama court. *Id*, Exhibit D. Unum chose instead to file its interpleader lawsuit in Virginia federal court for its own convenience (not the convenience of the defendants). The fact Smith sought a change of venue should have come as no surprise to Unum or its counsel. Instead, had Unum filed originally in federal court in Alabama, no venue motions or changes in counsel would have been necessary as it was where both defendants were located. Thus, the Court is unpersuaded by the argument that this case resulted in additional expense to Unum because of Defendants' actions.[4]

---

[4] Curiously, Plaintiff makes absolutely no reference to *Mandalay Shores* or any case relying upon it. This remains true even after Defendants clearly cite to the prevailing Eleventh Circuit case on this very subject as there is no reference to the case in its reply. Rather, Plaintiff casts aspersions upon defense counsel and stretches the boundaries of factual accuracy. The Court elects to assume that Plaintiff's counsel was merely negligent in this regard, rather than intentionally failing to "recognize the existence of pertinent legal authorities," in violation of

Pursuant to *Mandalay Shores* and its progeny and in light of the specific circumstances present in this case, the undersigned recommends the Court exercise its discretions <u>not</u> to grant and award of attorney's fees and costs to Unum.[5]

### IV. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) The *Motion for Discharge of Plaintiff Unum Life Insurance Company of America* (Doc. 44) be **GRANTED**

(2) Plaintiff Unum Life Insurance Company of America be **DISCHARGED** from this case and **DISMISSED with prejudice**.

(3) The interpleader defendants be **ENJOINED** from instituting any state or federal action for the recovery of the proceeds under group policy number 294131.

(4) The parties be realigned to represent the dispute between Kimberly Smith (Plaintiff) and Sonya Moman (Defendant) and the Clerk of Court be DIRECTED to take the necessary steps to change the style of the case consistent with that realignment.

(5) The *Motion of Unum Life Insurance Company of America for an Award of Attorneys' Fees and Costs out of the Funds Deposited* (Doc. 45) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 11, 2018**. Any objections filed must specifically identify

---

their duty of Candor Toward the Tribunal under Rule 3.3(a), Alabama Rules of Professional Conduct. "Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal." Comment to Rule 3.3. The Court advises counsel for Plaintiff that such advocacy is not acceptable and, in the future, counsel must make some effort to acknowledge or address binding negative precedent in future submissions to this Court. Counsel is free to distinguish negative cases but cannot merely ignore binding precedent. *See also* Fed. R. Civ. P. 11.

[5] To be clear, the Court does not hold that insurance company can never recover fees and/or costs in interpleader actions. Rather that there are no circumstances present which suggest this case is anything other than a routine dispute for life insurance proceeds.

the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 28th day of March, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE