IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  2:17-cv-489-WKW |
| ) | |
| SONYA MOMAN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 20, entered 8/9/17).  For the reasons discussed below, the Magistrate Judge recommends that the Defendant's claims to the insurance proceeds be dismissed and any remaining motions be denied as moot.

### I. FACTUAL BACKGROUND, JURISDICTION, AND PROCEDURAL HISTORY

On April 17, 2017, Plaintiff Unum Life Insurance Company of America ("Plaintiff" or "Unum") filed its Complaint in Interpleader on April 17, 2017 in federal court in the Eastern District of Virginia.  *See* Doc. 1.  The interpleader action seeks to determine the proper beneficiary of an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA" or "Act"), 29 U.S.C. § 1001, *et seq*.  The interpleader complaint requested the Court (a) require Defendants Kimberly Smith and Sonya Moman to answer the complaint in interpleader and litigate between themselves their respective claims to the life insurance proceeds under the life insurance policy for Willie Smith, (b) enjoin the Defendants from instituting or prosecuting any proceeding against Unum relating to those insurance

proceeds, (c) require Defendants to settle between themselves or the Court determine to whom the insurance proceeds should be paid, (d) permit Unum to deposit the amount of insurance proceeds into the Court, (e) dismiss Unum from the suit and discharge it from further liability, (f) award Unum attorneys' fees and costs, and (g) award Unum any other and further relief the Court deemed appropriate. According to the well-pleaded allegations in the Complaint, Unum issued a life insurance policy to Willie Smith through an employee benefit plan with MobileNow, Inc. – specifically group policy number 294131 ("the Policy"). The Insured, as a benefit of his employment with MobileNow, received $50,000 in basic life insurance coverage. The Insured died on December 19, 2016. After his death, Unum received two separate claims for the Policy proceeds from Defendants. Defendants in this action are Kimberly Smith ("Smith") and Defendant Sonya Moman ("Moman"). Smith is Willie Smith's daughter while Moman was Smith's "significant other." Unum communicated with both Defendants and suggested they attempt to resolve the matter. When that failed, Unum filed this interpleader action.

Subject matter jurisdiction proceeds pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Smith filed a motion to transfer venue to the Middle District of Alabama. *See* Doc. 6. Unum took no position on the motion, but requested it first be discharged and awarded its attorneys' fees before the transfer. *See* Doc. 11. Ultimately, on July 20, 2017, the Court granted the request to transfer venue, but declined to act on the motion for discharge or other relief requested by Unum. *See* Doc. 13. The parties do not contest personal jurisdiction or venue in the Middle District of Alabama and there are allegations sufficient to support both.

On September 1, 2017, Unum moved for leave to deposit into the registry of the court "the disputed proceeds payable under an employment welfare benefit plan, identified as proceeds

from Unum group life insurance policy number 294131 . . . which covered the life of the late Willie Smith, and which are the subject of the [c]omplaint for [i]nterpleader[,]" in connection with this case. *See* Doc. 28. On September 20, 2017, the Court granted Unum's motion for leave to deposit funds into the registry of court. *See* Doc. 31. On October 2, 2017, the Clerk of Court received interpleader funds in the amount of $50,074.66. *See* Docs. 41-42.

Shortly thereafter, Unum filed its motion for discharge and motion for attorneys' fees. *See* Docs. 44, 45. After the motions were fully briefed, Moman's counsel filed a motion to withdraw as counsel for the case. *See* Doc. 58. After holding an *ex parte* hearing on the matter, the Court granted the motion to withdraw on December 7, 2017. *See* Doc. 61. The Court also informed Plaintiff that it would wait on reviewing this case until at least January 6, 2018 when either Plaintiff would have secured new counsel or indicated she would proceed *pro se*. *Id*. Specifically, the Court stated:

> It is further ORDERED that on or before January 6, 2018, defendant Moman shall either (a) secure counsel, who shall file a notice of appearance not later than January 6, 2018, or (b) file a statement advising the court that she wishes to proceed with the case *pro se*. Defendant Moman is advised that regardless of whether she is able to retain counsel, this case will move forward, even if she must proceed *pro se*.
>
> This order does not preclude defendant Moman from obtaining counsel after January 6, 2018. However, if defendant does not have counsel by that date, she will be required to proceed *pro se* until such time as she is able to secure counsel. Defendant Moman is also reminded that regardless of her status as an unrepresented defendant, she is still obligated to comply with all court orders and with the Federal Rules of Civil Procedure. This includes, but is not limited to, orders and rules governing discovery.

*See* Doc. 61. January 6, 2018 came and went without any filing by Plaintiff, thus the Court presumed that she proceeded *pro se* and addressed the pending motion to discharge Unum from this litigation. *See* Docs. 68, 69.

Additionally, Kimberly Smith filed a motion for summary judgment and Motion to Compel Sonya Moman to Fully Respond to Discovery Requests by Smith. *See* Docs. 64, 65, 66. While those motions were held in abeyance pending the discharge motion, they were set for subsequent briefing after Unum was released from the litigation and the parties realigned as Plaintiff and Defendant. The Court realigned the parties as Kimberly Smith (Plaintiff) and Sonya Moman (Defendant), but it is important to note that it could have just as easily been reversed with Moman as Plaintiff and Smith as Defendant. In short, both Smith and Moman laid claim to the insurance proceeds at issue.

On May 7, 2018, the Court issued an order directing Moman to respond to the motion to compel on or before May 21, 2018. *See* Doc. 70. In the order, the Court specifically advised that:

> Sonya Moman is specifically cautioned that if she fails file a response as required by this order, the court may grant the motion to compel and/or treat her failure as an abandonment of her claims against the insurance proceeds at issue. Defendant Moman must remain an active participant in this lawsuit should she continue to assert claims for the life insurance proceeds.

*Id*. No response was filed. Therefore on May 25, 2018, the Court issued a second order which reiterated to Moman that there were consequences to failing to respond to court orders. *See* Doc. 71. Further, the Court stated:

> Based on the above, the Court can only conclude that Sonya Moman no longer intends to actively pursue the $50,000 insurance proceeds at issue in this case. As such, this is Moman's final warning in this case. If she fails to respond to this order demonstrating why she has not responded to any of the Court's orders, the Court intends to treat Kimberly Smith's claim on the insurance proceeds as unopposed and recommend that Smith's motion for summary judgment be granted as unopposed. Thought Sonya Moman is listed as the defendant in this matter, ultimately this case has two "persons" who lay claim to the insurance proceeds as issue. If Moman is no longer actively participating in this lawsuit, her claims may fail.

*Id.* The Court concluded the order with "Let the Court's order be clear – if Moman does not respond, she will likely lose any future ability to assert any claim over the $50,000 insurance proceeds at issue in this lawsuit." *Id*. The deadline to respond was June 15, 2018 and still Moman did not respond. Finally, the Court also set this case for a telephonic status conference for June 18, 2018 with this final warning to Moman:

> **Sonya Moman is specifically cautioned that if she fails to attend the telephonic status conference as required by this order, the court may recommend dismissal of her claims against the insurance proceeds at issues as a sanction for failure to obey court orders. As previously noted, Defendant Moman must remain an active participant in this lawsuit should she continue to assert claims for the life insurance proceeds.**

*See* Doc. 72 (emphasis in original). As with the prior two orders, Moman failed to obey and did not attend the telephone conference with the Court.

Based on the above, the Court notes that Moman has not participated in this lawsuit since December 2017 – well over six months ago.

## II. DISCUSSION AND ANALYSIS

28 U.S.C. § 1654 permits a person to "plead and conduct their own cases personally or by counsel." Even so, *pro se* litigants are required to conform to the procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Vil v. Perimeter Mortgage Funding Corp.*, 715 F. App'x 912 (11th Cir. Oct. 31, 2017). Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)

However, because dismissal with prejudice is an "extreme sanction, [it] may be properly imposed <u>only</u> when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005). But, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil*, 715 F. App'x at 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

In the case at hand, Sonya Moman has not made an appearance since December 6, 2017. The Court has repeatedly warned Moman of the failure to assert her rights in this case and that if she did not appear, she would lose her right to assert ownership over the proceeds at issue. She still did not appear. As such, the court finds that she has engaged in a pattern of delay in this case and even contumacious conduct towards the Court's orders in this case. Further, dismissing her claims over the insurance proceeds with prejudice is the only appropriate sanction. The matter regarding the $50,000.00 life insurance proceeds from group policy number 294131 must reach its resolution and a sanction towards Moman that is anything less than dismissal of her claims with prejudice leaves this case in limbo.

While the case is styled Smith v. Moman, both claimants here are in essence plaintiffs and the Court could have just as easily styled the case Moman v. Smith. Ultimately, the analysis of dismissal for failure to prosecute can apply here in addition to failure to obey court orders. Moman has done nothing in furtherance of her case since December 2017 despite several orders to respond or appear. There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding. In light of Plaintiffs' failure to comply with the court orders and the failure to appear for a final status conference, the Court

concludes that Moman has abandoned her claims to the life insurance proceeds at issue.  "[E]ven a non-lawyer should realize the peril to her case, when she . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Based on the above, the Court finds that Sonya Moman has abandoned her claims to the life insurance proceeds subject to this lawsuit.  She further refuses to respond to Court orders to permit the orderly resolution of this claim.  Therefore, as a sanction pursuant to Fed. R. Civ. P. 41(b), the Court finds that she can no longer make a claim for the life insurance proceeds from group policy number 294131.  Thus the only remaining claimant to the life insurance proceeds is the decedent's daughter Kimberly Smith who is also his sole heir according to the original complaint in this case. [1]

---

[1] While there are two pending motions filed by Smith, the Court finds that resolving the case by addressing those motions presents different complications.  Plaintiff filed a motion for summary judgment indicating that there is no genuine issue of material fact.  *See* Docs. 64-65/  However, concurrent with that motion, Plaintiff also filed a motion to compel Moman's discovery responses.  *See* Doc. 66.  The Court cannot necessarily conclude that there are no material factual issues when Plaintiff also indicates she needs those discovery responses.  Further, the Court finds that since Moman has not responded to any other court orders that there is no reason to believe she would respond to an order granting the motion to compel.  In short, it simply delays the case further.  However, the result of the sanction against Moman in the form of her losing her claim does not appear to be in contradiction of the evidence in this case.

### III. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Sonya Moman's claims to the $50,000.00 life insurance proceeds from group policy number 294131 be dismissed for failure to obey court orders and failure to prosecute;

(2) The life insurance proceeds be awarded to the sole remaining claimant – Kimberly Smith (decedent's daughter);

(3) All other pending motions be denied as moot; and

(4) The Clerk of Court be directed to arrange for the disbursement of the interpled funds to Kimberly Smith;

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 5, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 20th day of June, 2018.

                                      /s/Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE